IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2822

SANDY PHILLIPS, individually and as surviving parent
of Jessica Ghawi, decedent; LONNIE PHILLIPS,
individually and as surviving parent of Jessica Ghawi,
decedent.

Plaintiffs,

v.

LUCKY GUNNER, d/b/a/ BULKAMMO.COM,
THE SPORTSMAN'S GUIDE,
Brian Platt, d/b/a/ BTP ARMS,
Gold Strike E Commerce LLC d/b/a/
BULLETPROOFBODYARMORHQ.COM,
and JOHN DOES 1 through 10, unknown individuals.

Defendants.

## NOTICE OF REMOVAL

Defendant, LUCKYGUNNER, LLC, d/b/a BulkAmmo.com (hereinafter "LG"), by and through its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby notify this Court that it is removing, with consent of all Defendants, the above-captioned action currently pending in the Arapahoe County District Court of the State of Colorado, to the United States District Court for the District of Colorado. In support, LG states as follows:

1. On July 18, 2014, Plaintiffs Sandy and Lonnie Phillips, Texas residents, commenced this action in the Arapahoe County District Court of the State of Colorado, styled as *SANDY PHILLIPS, individually and as surviving parent of Jessica Ghawi, decedent; LONNIE PHILLIPS, individually and as surviving parent of Jessica Ghawi, decedent; and on behalf of All Others Similarly Situated v. LUCKY GUNNER, d/b/a/ BULKAMMO.COM, a Georgia*

1

*Corporation,* THE SPORTSMAN'S GUIDE, *a Minnesota Corporation, Brian Platt, d/b/a/ BTP ARMS, Gold Strike E Commerce LLC d/b/a/ BULLETPROOFBODYARMORHQ.COM, an Arizona Corporation; JAMES HOLMES, an individual; and JOHN DOES 1 through 10, unknown individuals*, with the case number of 2014CV031946. (A copy of the Original Complaint ("Orig. Compl.") is attached as Exhibit A.)

2. The Defendants were never served with the Original Complaint, which was postured as a putative class action seeking, *inter alia*, compensatory and punitive damages; equitable / injunctive relief; and costs, disbursements and attorney's fees. (*See* Orig. Compl. at ¶¶ 193-206 and p. 29, "WHEREFORE" Clause.)

3. On September 16, 2014, Plaintiffs filed the now-operative Amended Complaint, which, among other things, voluntarily dismissed the defendant James Holmes and the putative class allegations. (A copy of the Amended Complaint ("Am. Compl.") is attached as Exhibit B.)

4. LG was served with a copy of the Summons and Amended Complaint on September 17, 2014. (A copy of the summons is attached as Exhibit C.) This Notice of Removal is therefore timely filed within thirty (30) days after LG was served.

5. The United States District Court for the District of Colorado is the federal judicial district encompassing Arapahoe County, Colorado. Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

6. The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332, because: (1) there is complete diversity of citizenship between Plaintiffs and Defendants, and (2) the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

7. LG is a limited liability company organized under the laws of the state of Tennessee with its principal place of business in Tennessee. LG's sole member is Mollenhour Gross, LLC, a limited liability company organized under the laws of the state of Tennessee with its principal place of business in Tennessee. Mollenhour Gross, LLC's two members, Jordan Mollenhour and Dustin Gross, are individual citizens of Tennessee. Thus, for the purpose of diversity jurisdiction, LG is a citizen of Tennessee.

8. Co-defendant The Sportsman's Guide is a Minnesota corporation with its principal place of business in Minnesota. The Sportsman's Guide consents to this removal. (*See* Exhibit D.) Thus, for the purpose of diversity jurisdiction, The Sportsman's Guide is a citizen of Minnesota.

9. Co-defendant Brian Platt, d/b/a BTP Arms ("BTP"), is a citizen of Maryland. BTP consents to this removal. (*See* Exhibit D.) Thus, for the purpose of diversity jurisdiction, BTP is a citizen of Maryland.

10. Co-defendant Gold Strike E Commerce LLC, d/b/a Bullet Proof Body Armor HQ ("Gold Strike"), is an Arizona limited liability company. Gold Strike's sole member, Christopher Russell, is an individual citizen of Arizona. Gold Strike consents to this removal. (*See* Exhibit D.) Thus, for the purpose of diversity jurisdiction, Gold Strike is a citizen of Arizona.

11. According to the allegations of the Amended Complaint, Plaintiffs, Sandra and Lonnie Phillips, are residents of Texas. (Am. Compl. at ¶¶ 8-9.) The decedent, Jessica Ghawi, is alleged to have been a resident of Colorado. (*Id*.)

12. In their Amended Complaint, Plaintiffs plead seven causes of action: (1) Negligent Entrustment against LG; (2) Negligent Entrustment against The Sportsman's Guide; (3) Negligent Entrustment against Gold Strike; (4) Negligent Entrustment against BTP; (5) Negligence against

The Sportsman's Guide, LG and BTP; (6) Negligence against Gold Strike; and (7) Public Nuisance against All Defendants. (Am. Compl. at pp. 20-27.)

13. Plaintiffs allege that James Holmes purchased ammunition from LG. (Am. Compl. at ¶¶ 44, 164.) Plaintiffs allege that Holmes purchased ammunition and a rifle magazine from The Sportsman's Guide. (*Id*. at ¶¶ 43, 163.) Plaintiffs allege that Holmes purchased body armor from Gold Strike. (*Id*. at ¶¶ 47, 165.) Plaintiffs allege that Holmes purchased tear gas from BTP. (*Id*. at ¶¶ 39, 166.) Plaintiffs further allege that Holmes used these products with criminal intent in the shooting at a movie theater in Aurora, Colorado, on July 20, 2012, which resulted in the death of Plaintiffs' decedent. (*Id*. at ¶¶ 66-88.) As for the relief sought for their claims, Plaintiffs request that the court "award injunctive relief to ensure Defendant[s'] business practices change and to stop their commercial activities[.]" (*Id*. at ¶¶ 197, 203, 217, 230, 239.)

14. Although LG denies that Plaintiffs are entitled to any relief, equitable or otherwise, LG believes, in good faith, that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of costs and interest. (*See* Declaration in Support of Notice of Removal, attached as Exhibit E.) Plaintiffs' request for injunctive relief in the form of "enjoining" LG from engaging in the "commercial" activity of selling ammunition, whether limited to the State of Colorado or on a national level, would, if granted, cause monetary losses far in excess of the $75,000.00 threshold to establish diversity jurisdiction. (*See id*. at ¶ 3.)

15. When a plaintiff seeks injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Mid-America AG Network, Inc. v. Monkey Island Dev. Auth.*, 109 Fed. Appx. 187, 2004 WL 1529284, *2 (10th Cir. July 8, 2004). That "value" consists of the "pecuniary effect an adverse declaration will have on either party to the lawsuit." *City of*

*Moore v. Atchison, Topeka, & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983); *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). Indeed, given that the injunctive relief sought against each of the four defendants is, among other things, "to stop their commercial activities[,]" the $75,000 threshold is satisfied several times over. (Am. Compl. at ¶¶ 197, 203, 217, 230, 239.)

16. The presence of "Doe" defendants does not impact diversity. *See, e.g.*, *Smith v. Currency Trading Int'l, Inc.*, 10 F. Supp. 2d 1189 (D. Colo. 1998) ("John Doe" defendant did not prevent removal on basis of diversity jurisdiction); *Australian Gold Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006) (plaintiffs' naming of ten alleged coconspirator "John Does" in the complaint did not preclude removal of plaintiffs' state-law claim to federal court on basis of diversity). "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

17. There have been nine (9) items entered on the State Court's docket related to this case. Pursuant to 28 U.S.C. §1446(a), a history index, along with the filings that have been submitted in State Court are attached hereto, and incorporated by reference as <u>Exhibit F</u>.

18. Prompt written notice of this Notice of Removal is being sent to Plaintiffs through their counsel, and to the Clerk of the Arapahoe County District Court, as required by 28 U.S.C. § 1446(d).

WHEREFORE, LuckyGunner, LLC, with consent of all Defendants, requests that this action proceed in this Court as an action properly removed.

**DATED: October 16, 2014**

Respectfully submitted,

**LUCKYGUNNER, LLC**

By: /s/ *Andrew A. Lothson*

One of Defendant LuckyGunner, LLC's Attorneys

Marc Colin
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 3100
Denver, Colorado 80202
(303) 831-1099
(303) 831-1088 FAX
MColin@brunolawyers.com

Andrew A. Lothson
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 FAX
alothson@smbtrials.com

**Attorneys for Defendant, LuckyGunner, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

None

and hereby certify that I have mailed or served the document to the following non-CM/ECF participants in the manner (U.S. mail, hand delivery, etc.) indicated by the non-participant's name:

1. Jonathan E. Lowy **(via U.S. Mail)**
   Elizabeth Burke **(via U.S. Mail)**
   Kelly Sampson **(via U.S. Mail)**
   Brady Center to Prevent Gun Violence
   840 First Street, NE, Suite 400
   Washington, DC 20005

2. Thomas W. Stoever, Jr. **(via U.S. Mail)**
   Paul W. Rodney **(via U.S. Mail)**
   Arnold & Porter LLP
   370 Seventeenth Street, Suite 4400
   Denver, CO 80202

*/s/ Andrew A. Lothson*
Andrew A. Lothson
