# Exhibit F

(Part 3 of 4)

245.    Numerous members of the public have been killed, injured, or involved in criminal acts as a result of materiel negligently sold and entrusted by the Defendants, and Defendants' risk-producing conduct and the deaths and injuries that result from it continue. Defendants' acts and omissions as alleged herein cause a substantial and unreasonable increase in the number of members of the general public who are killed and injured.

246.    Defendants' acts and omissions as alleged herein cause substantial and unreasonable interferences with the public's health, safety, convenience, comfort, and peace in numerous other ways, including: (a) facilitating the sale of ammunition, tear gas, and other materiel to dangerous persons who commit violent crimes against innocent members of the general public; (b) increasing the number and severity of crimes committed against innocent members of the general public by supplying large amounts of ammunition, tear gas, and other materiel to purchasers; and (c) increasing the number and severity of incidents in which those in possession of ammunition, tear gas, and other materiel.

247.    The Defendants know or have reason to know that the acts and omissions alleged herein caused substantial and unreasonable interferences with the public's health, safety, convenience, comfort, peace, and use of public facilities. The Defendants' acts and omissions as alleged herein were undertaken with negligent and/or intentional disregard of the rights of the general public. Defendants knew that they could have taken precautions that would have eliminated or minimized the injuries to the general public but they chose not to take those precautions in order to maximize their revenues and profits.

248.    The Defendants' interference with the public's health, safety, convenience, comfort, peace, and use of public facilities is unreasonable, unlawful, substantial, significant, continuing, and long-lasting. This interference is not insubstantial or fleeting, and involves deaths and serious injuries suffered by many people and a severe disruption of public peace, order, and safety.

249.    The Defendants' negligence and unlawful conduct is a cause of the public nuisance.

250.    Defendants knowingly violated Colorado's and Aurora's public nuisance laws. Colorado's and Aurora's public nuisance laws are applicable to the sale and marketing of products that cause harm to the public. Defendants' violation of these public nuisance laws was a proximate cause of the plaintiffs' harm.

251.    The Defendants' unlawful, negligent and/or intentional creation or maintenance of the public nuisance directly and proximately caused permanent injuries or death to the plaintiffs.

252.    Defendants' actions continue to cause real, immediate, and irreparable injury to Plaintiffs.

253.    Monetary damages and legal remedies cannot compensate Plaintiffs for future damages or for harm that cannot be expressed as a simple calculation of damages, such as the loss of enjoyment of public spaces, loss of peace of mind, fear of future attacks, and similar types of harm facilitated by Defendants' action. Moreover, the cumulative effect of Defendants' actions can only be resolved by injunction.

254.    The public interest would be served by enjoining further disturbances by Defendants.

255.    It is appropriate for the Court to award injunctive relief to ensure Defendants' business practices change and to stop their commercial activities until such changes are implemented.

256.    It is appropriate for the Court to award injunctive relief to ensure Defendants no longer create a public nuisance.

WHEREFORE, the Plaintiffs respectfully seek judgment as follows:

a.      For injunctive relief to address Defendants' dangerous business practices;

b.      For injunctive relief business requiring Defendants to change their negligent and dangerous practices;

c.      For injunctive relief enjoining Defendants from engaging in commercial activities related to the materiel described herein until their business practices have been changed and approved by the Court;

d.      For an order enjoining or abating the public nuisance;

e.      For any and all equitable relief that may be justified;

f.      For all costs, disbursements and actual attorney's fees, expert witness fees, and all interest due and owing; and

g.      For such other and further relief as this Court may deem appropriate.


**PLEASE TAKE NOTICE THAT PLAINTIFFS DEMAND A TRIAL BY A TWELVE PERSON JURY AS TO ALL CLAIMS SO TRIABLE.**


Plaintiffs' Address:
2906 Whisper View,
San Antonio, TX 78230

Dated:  September 16, 2014

Respectfully submitted,
**ARNOLD & PORTER LLP**

By: _/s/ Thomas W. Stoever, Jr._____

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **AMENDED COMPLAINT** was filed via ICCES this 16th day of September, 2014.  Pursuant to C.R.C.P. 5, Plaintiffs will serve a copy of this filed **AMENDED COMPLAINT** on all named Defendants, through their appropriate Registered Agent and/or at their principal place of business.

/s/ Rebecca A. Golz
Rebecca A. Golz

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED: September 15, 2014 11:32 AM<br>FILING ID: EF277AA91261D<br>CASE NUMBER: 2014CV31946 |

Plaintiff:

SANDY PHILLIPS, individually and as surviving parent of Jessica Ghawi, decedent; LONNIE PHILLIPS, individually and as surviving parent of Jessica Ghawi, decedent; and on behalf of All Others Similarly Situated.

v.

Defendants:

LUCKY GUNNER, d/b/a/ BULKAMMO.COM, a Georgia Corporation;
THE SPORTSMAN'S GUIDE, a Minnesota Corporation;
Brian Platt, d/b/a/ BTP ARMS,
Gold Strike E Commerce LLC d/b/a/ BULLETPROOFBODYARMORHQ.COM, an Arizona Corporation;
JAMES HOLMES, an individual;
and JOHN DOES 1 through 10, unknown individuals.

▲ **COURT USE ONLY** ▲

Case No.:     2014CV31946
Division:
Courtroom:

**Attorneys for Plaintiffs:**

Thomas W. Stoever, Jr., Attorney No. 25434
Paul W. Rodney, Attorney No. 41951
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4400
Denver, CO 80202
Phone Number: (303) 863-1000
E-mail: Thomas.Stoever@aporter.com
E-mail: Paul.Rodney@aporter.com

Jonathan Lowy
Elizabeth Burke
Kelly Sampson
The Brady Center to Prevent Gun Violence
840 First Street, NE, Suite 400
Washington, DC 20002
*Pro Hac Vice Admission Pending*

**ENTRY OF APPEARANCE**

Thomas W. Stoever, Jr., of Arnold & Porter LLP and member of the Colorado State Bar, hereby enters his appearance on behalf of the Plaintiffs Sandy Phillips, Lonnie Phillips and on behalf of All Others Similarly Situated.

Respectfully submitted this 15th day of September, 2014.

ARNOLD & PORTER LLP

/s/ Thomas W. Stoever, Jr.
Thomas W. Stoever, Jr., #25434

*Attorney for Plaintiffs*

2

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ENTRY OF APPEARANCE** was filed via ICCES this 15th day of September, 2014.  Plaintiff will serve a copy of this filed **ENTRY OF APPEARANCE** within 15 days following the entry of appearance of all other parties to this case.  A certificate of mailing will be filed with the Court at that time.

/s/ Rebecca A. Golz
Rebecca A. Golz

3

| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO | |
|---|---|
| Court Address:<br>7325 S Potomac St, Centennial, CO, 80112 | |
| **Plaintiff(s)** SANDY PHILLIPS et al.<br><br>v.<br><br>**Defendant(s)** LUCKY GUNNER et al. | DATE FILED: August 13, 2014 3:09 PM<br>CASE NUMBER: 2014CV31946 |
| | △ **COURT USE ONLY** △ |
| | Case Number: 2014CV31946 |
| | Division: 15          Courtroom: |
| **Order: Notice** | |

The motion/proposed order attached hereto: NO ACTION TAKEN.

This issue may be rasied by the parties once all parties are before the Court.


Issue Date: 8/13/2014

CHARLES M PRATT
District Court Judge

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, COLORADO**<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | |
| **Plaintiff:**<br><br>**SANDY PHILLIPS**, individually and as surviving parent of Jessica Ghawi, decedent; **LONNIE PHILLIPS**, individually and as surviving parent of Jessica Ghawi, decedent; and on behalf of All Others Similarly Situated.<br><br>v.<br><br>**Defendants:**<br><br>**LUCKY GUNNER**, d/b/a/ **BULKAMMO.COM**, a Georgia Corporation;<br>**THE SPORTSMAN'S GUIDE**, a Minnesota Corporation;<br>**Brian Platt, d/b/a/ BTP ARMS**,<br>**Gold Strike E Commerce LLC d/b/a/ BULLETPROOFBODYARMORHQ.COM**, an Arizona Corporation;<br>**JAMES HOLMES**, an individual;<br>and **JOHN DOES 1 through 10**, unknown individuals. | |
| **Attorneys for Plaintiffs:**<br><br>Thomas W. Stoever, Jr., Attorney No. 25434<br>Paul W. Rodney, Attorney No. 41951<br>ARNOLD & PORTER LLP<br>370 Seventeenth Street, Suite 4400<br>Denver, CO 80202<br>Phone Number: (303) 863-1000<br>E-mail: Thomas.Stoever@aporter.com<br>E-mail: Paul.Rodney@aporter.com<br><br>Jonathan Lowy<br>Elizabeth Burke<br>Kelly Sampson<br>The Brady Center to Prevent Gun Violence<br>840 First Street, NE, Suite 400<br>Washington, DC 20002<br>*Pro Hac Vice Admission Pending* | ▲ COURT USE ONLY ▲<br><br>Case No.: 2014CV31946<br><br>Division:  15 |
| **NOTICE OF INFORMATION REGARDING CASE(S)** | |

Pursuant to the Court's Delay Reduction Order, Plaintiffs Sandy Phillips and Lonnie Phillips, each individually and on behalf of all others similarly situated ("Plaintiffs"), respectfully submit this Notice of Information Regarding Case(s).

The following cases have been filed with this Court:

☐ *Soudani et al. v. Century Theaters, Inc. et al.*, Case No. 2012CV1926, currently assigned to Judge Hannen, Division 22

☐ *Phillips et al. v. Century Theaters, Inc. et al.*, Case No. 2013CV000810, has been consolidated with Case No. 2012CV1926.

☐ Murphy *et al. v. Century Theaters, Inc. et al.*, Case No. 2014CV031829, has been consolidated with Case No. 2012CV1926.

One of the above-listed cases (Case No. 2013CV000810) has at least one party and limited issues of fact in common with the instant case, but the questions of law and other factual issues are distinct between the two cases.  In addition, the above-listed cases have different defendants than in the instant case, and counsel for plaintiffs in the above-listed cases are different than counsel in the instant case.  As a result, Plaintiffs respectfully submit that it may be appropriate to assign the instant case to the same division as the above-listed cases, but that consolidation is not appropriate.

Dated:  August 7, 2014.

Respectfully submitted,

**ARNOLD & PORTER LLP**

By: /s/  Paul W. Rodney

*Counsel for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF INFORMATION REGARDING CASES** was filed via ICCES this 7th day of August, 2014. Plaintiff will serve a copy of this filed **NOTICE OF INFORMATION REGARDING CASES** within 15 days following the entry of appearance of all other parties to this case.  A certificate of mailing will be filed with the Court at that time.

/Rebecca A. Golz
Rebecca A. Golz

3

**DISTRICT COURT, ARAPAHOE COUNTY,
COLORADO**
7325 South Potomac Street
Centennial, Colorado 80112

DATE FILED: August 7, 2014 5:11 PM
FILING ID: CDDA194811D41
CASE NUMBER: 2014CV31946

Plaintiff:

**SANDY PHILLIPS**, individually and as surviving parent
of Jessica Ghawi, decedent; **LONNIE PHILLIPS**,
individually and as surviving parent of Jessica Ghawi,
decedent; and on behalf of All Others Similarly Situated.

v.

Defendants:

**LUCKY GUNNER, d/b/a/ BULKAMMO.COM**, a
Georgia Corporation;
**THE SPORTSMAN'S GUIDE**, a Minnesota Corporation;
**Brian Platt, d/b/a/ BTP ARMS**,
**Gold Strike E Commerce LLC d/b/a/
BULLETPROOFBODYARMORHQ.COM**, an Arizona
Corporation;
**JAMES HOLMES**, an individual;
and **JOHN DOES 1 through 10**, unknown individuals.

Attorneys for Plaintiffs:

Thomas W. Stoever, Jr., Attorney No. 25434
Paul W. Rodney, Attorney No. 41951
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4400
Denver, CO 80202
Phone Number: (303) 863-1000
E-mail: Thomas.Stoever@aporter.com
E-mail: Paul.Rodney@aporter.com

Jonathan Lowy
Elizabeth Burke
Kelly Sampson
The Brady Center to Prevent Gun Violence
840 First Street, NE, Suite 400
Washington, DC 20002
*Pro Hac Vice Admission Pending*

▲ COURT USE ONLY ▲

Case No.: 2014CV31946

Division: 15

**NOTICE OF INFORMATION REGARDING CASE(S)**

Pursuant to the Court's Delay Reduction Order, Plaintiffs Sandy Phillips and Lonnie Phillips, each individually and on behalf of all others similarly situated ("Plaintiffs"), respectfully submit this Notice of Information Regarding Case(s).

The following cases have been filed with this Court:

- *Soudani et al. v. Century Theaters, Inc. et al.*, Case No. 2012CV1926, currently assigned to Judge Hannen, Division 22

- *Phillips et al. v. Century Theaters, Inc. et al.*, Case No. 2013CV000810, has been consolidated with Case No. 2012CV1926.

- Murphy *et al. v. Century Theaters, Inc. et al.*, Case No. 2014CV031829, has been consolidated with Case No. 2012CV1926.

One of the above-listed cases (Case No. 2013CV000810) has at least one party and limited issues of fact in common with the instant case, but the questions of law and other factual issues are distinct between the two cases. In addition, the above-listed cases have different defendants than in the instant case, and counsel for plaintiffs in the above-listed cases are different than counsel in the instant case. As a result, Plaintiffs respectfully submit that it may be appropriate to assign the instant case to the same division as the above-listed cases, but that consolidation is not appropriate.

Dated: August 7, 2014.

Respectfully submitted,

**ARNOLD & PORTER LLP**

By: /s/ Paul W. Rodney

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF INFORMATION REGARDING CASES** was filed via ICCES this 7th day of August, 2014. Plaintiff will serve a copy of this filed **NOTICE OF INFORMATION REGARDING CASES** within 15 days following the entry of appearance of all other parties to this case.  A certificate of mailing will be filed with the Court at that time.


/Rebecca A. Golz
Rebecca A. Golz

3

| DISTRICT COURT<br>ARAPAHOE COUNTY, COLORADO<br>Court Address: 7325 S. Potomac St.<br>       Centennial, CO 80112 | |
|---|---|
| Plaintiff(s): SANDY PHILLIPS, individually and as surviving parent of Jessica Ghawi, decedent; LONNIE PHILLIPS, individually and as surviving parent of Jessica Ghawi, decedent; and on behalf of All Others Similarly Situated.<br><br>v.<br><br>Defendant(s):LUCKY GUNNER, d/b/a/ BULKAMMO.COM, a Georgia Corporation, THE SPORTSMAN'S GUIDE, a Minnesota Corporation, Brian Platt, d/b/a/ BTP ARMS, Gold Strike E Commerce LLC d/b/a/ BULLETPROOFBODYARMORHQ.COM, an Arizona Corporation; JAMES HOLMES, an individual; and JOHN DOES 1 through 10, unknown individuals. | DATE FILED: July 21, 2014<br>CASE NUMBER: 2014CV31946<br>▲   COURT USE ONLY   ▲<br><br>Case Number: 14CV31946<br><br>Division: 15 |
| **DELAY REDUCTION ORDER** | |

This court is on a delay reduction docket.  To determine if your case is within the Colorado Civil Access Pilot Project ("CAPP") for Business Actions refer to Appendix A of Chief Justice Directive 11-02 available at http://www.courts. state.co.us/Courts/Civil_Rules.cfm.  All civil cases **not** within the CAPP for Business Actions are governed by **Part I** of this Delay Reduction Order.  All civil cases that **do** come within the CAPP for Business Actions are governed by **Part II** of this Delay Reduction Order.  **All** civil cases, regardless of whether they are within the CAPP for Business Actions, are governed by **Part III** of this Delay Reduction Order.

**PART I**

A.   For all civil actions that are not within the CAPP for Business Actions the following deadlines must be met:

1.   <u>Service of Process</u>:  Returns of Service on all defendants shall be filed within 63 days after the date of the filing of the complaint.

2.   <u>Default Judgment</u>:  Application for default judgment shall be filed within 35 days after default has occurred.

3.   <u>Trial Setting</u>:  Plaintiff shall serve a Notice to Set for trial and shall complete the setting of the trial within 42 days from the date the case becomes at issue.  A case shall be deemed "at issue" when all parties have been served and have filed all pleadings permitted by C.R.C.P. 7, or defaults or dismissals have been entered against all non-appearing parties, or at such other time as the Court shall direct.

B.   The court will consider extending these time periods upon timely filing of a motion showing good cause.

**PART II**

A.   Cases that come within the CAPP for Business Actions are governed by the Pilot Project Rules ("PPR"), available at: http://www.courts.state.co.us/Courts/Civil_Rules.cfm.  A timetable is available on this same website for your reference.

B.   General Overview of the Pilot Project Rules

1. The rules shall be construed and administered to secure the just, timely, efficient, and cost-effective determination of this action.

2. This action shall be addressed in ways designed to assure that the process and the costs are proportionate to the needs of the case

3. The intent of the rules is to utilize pleadings to identify and narrow the disputed issues at the earliest stages of litigation and thereby focus discovery.  Adherence to the rules, with their emphasis on early complete disclosures and frequent case management conferences, should continually inform the parties and the Court of the issues, claims, and defenses in the case, and obviate the need for ongoing amendments of the pleadings.

4. The material facts pleaded should provide the "who, what, when, where, and how" of each element of a claim or defense.  The pleading requirements apply equally to affirmative defenses.

5. It is the purpose of the rules to replace the broad discovery currently allowed with proportionate discovery.  All facts are not necessarily subject to discovery.  The proportionality factors as stated in the rules will thus shape the process for the case.

C. Deadlines that must be met by Plaintiff(s) are:

1. <u>Service of Process</u>: Returns of Service on all defendants shall be filed within 35 days after the date of filing of the complaint.

2. <u>Initial Disclosures</u>: Plaintiff(s) shall file PPR 3.1 initial disclosures concerning the claim(s) for relief with the Court no later than 21 days after service of the complaint.

3. <u>Default Judgment</u>: Application for default judgment shall be filed within 35 days after default has occurred.

4. <u>Initial Case Management Conference</u>:  Plaintiff(s) shall serve a Notice to Set the initial case management conference within 7 days after the last answer is filed.  This conference shall be held within 49 days after the last answer is filed (see PPR 7.1).

5. <u>Trial Setting</u>: The trial shall be set at the Initial Case Management Conference.

## PART III

The following provisions apply to all civil cases – those within and those not within the CAPP for Business Actions:

A. IF AN ATTORNEY OR <u>PRO SE</u> PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE.  THIS ORDER SHALL BE THE INITIAL NOTICE REQUIRED BY RULE 121, SECTION 1-10, AND RULE 41(b)(2).

B. Civil Case Management: The Court expects compliance with all rules of Civil Procedure including C.R.C.P. 16 or 16.1 as applicable and C.R.C.P. 26.  A CIVIL COVER SHEET SHALL BE FILED WITH ALL CIVIL COMPLAINTS.

C. Plaintiff shall send a copy of this Order to all other parties who enter an appearance, and shall file a certificate of mailing within 15 days following the entry of appearance.

D. Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Case(s) informing the Court of the related case(s) and stating whether consolidation is appropriate.

E. The Order Regarding Plan for Settlement Pursuant to C.R.C.P. 16(b)(6) and CRS 13-22-311 and 313 applies to all actions filed in this court.

Date:   July 21, 2014

SO ORDERED BY THE ASSIGNED JUDGE

cc:     Plaintiff(s) or Plaintiff(s) Counsel

| DISTRICT COURT<br>ARAPAHOE COUNTY, COLORADO<br>Court Address: 7325 S. Potomac St.<br>                       Centennial, CO 80112 | |
|---|---|
| Plaintiff(s):<br><br>v.<br><br>Defendant(s): | ▲   COURT USE ONLY   ▲<br><br>Case Number:<br><br>Division: |

## ORDER REGARDING PLAN FOR SETTLEMENT PURSUANT TO CRCP 16(b)(6) and CRS 13-22-311 and 313

The following Orders apply to this case.

1.  This Order applies to all civil cases filed at this court, regardless of whether they are within the Colorado Civil Access Pilot Project for Business Actions

2.  No later than 35 days after the case is at issue, the parties shall explore the possibilities of a prompt settlement or resolution of the case.

3.  Within 42 days from the date the case is at issue, the parties must submit a document entitled "Stipulated Plan Regarding Settlement" setting forth their plans for future efforts to settle the case to the Court.  Unless notified otherwise by the Court, the Stipulated Plan Regarding Settlement is automatically adopted as an Order of the Court.

    The Stipulated Plan Regarding Settlement (ADR Plan) must include the following:

    a.  Specification of the selected form of ADR.  The parties may select any form of ADR defined in CRS 13-22-302.

    b.  A date certain when ADR will commence.

    c.  Designation of a provider who has been contacted and has agreed to provide ADR services to the parties. The parties may select any provider available in the community including Office of Dispute Resolution (ODR).  ODR offers moderately priced mediation and other ADR services.  ODR can be scheduled at www.ColoradoODR.org or call 720-625-5940.

4.  If no stipulated plan is submitted within 42 days of the case being at issue, the Court ordered plan shall be that the parties must participate in mediation with ODR no later than 63 days prior to the trial date.

5.  **Failure to comply with this Order may result in sanctions including, but not limited to, loss of trial date.**

-3-

6.  The parties must certify in the proposed Trial Management Order (due 28 days before trial) that they have complied with the Stipulated Plan Regarding Settlement or with Multi-Door pursuant to paragraph 3 above.

7.  Plaintiff is ordered to provide copies of this Order to all counsel and parties of record either at the time of service or within 7 days of the date the case is at issue, and must file a certificate of such service with the Court.

SO ORDERED BY THE ASSIGNED JUDGE

| District Court ARAPAHOE | County, Colorado | |
|---|---|---|
| Court Address: | 7325 S. Potomac Street<br>Centennial CO 80112<br>Phone: 303-649-6355 | |

Plaintiff(s): **SANDY PHILLIPS** and **LONNIE PHILLIPS**, Individually and as surviving parents of Jessica Ghawi, decedent; and on behalf of All Others Similarly Situated.

v.

Defendant(s): **LUCKY GUNNER**, d/b/a/ BULKAMMO.COM; THE SPORTSMAN GUIDE; Brian Platt, d/b/a/ BTP ARMS; Gold Strike E Commerce LLC d/b/a/ BULLETPROOFBODYARMORHQ.COM; JAMES HOLMES; JOHN DOES 1 - 10

▲ DACOURT USE ONLY 3:14 P▲

FILING ID: 8B201AB0B0CF0
CASE NUMBER: 2014CV31946

Case Number:

| Attorney or Party Without Attorney (Name and Address): | |
|---|---|
| Paul W. Rodney<br>ARNOLD & PORTER LLP<br>370 Seventeenth St., Suite 4400, Denver, CO 80202 | |
| Phone Number: 303-863-1000   E-mail: Paul.rodney@aporter.com | |
| FAX Number:  303-832-0428   Atty. Reg. #: 41951 | Division          Courtroom |

## DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

    ☐ This case is governed by Chief Justice Directive ("CJD") 11-02 and the "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

    - The case is filed within the period of January 1, 2012 through December 31, 2014; *AND*

    - The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); *AND*

    - The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.

    ■ This case is not governed by the Colorado Civil Access Pilot Project Rules.

    *NOTE: Cases subject to the Colorado Civil Access Pilot Project must be governed by the Rules in CJD 11-02 (available at http://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm). The presiding judge will review Item 2 for accuracy. The designation on this initial Cover Sheet will control unless the Court orders otherwise.*

3. **If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:**

    ☐ This case is governed by C.R.C.P. 16.1 because:

    - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

■This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

■The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

■A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐C.R.C.P. 16.1 applies to this case.

☐C.R.C.P. 16.1 does not apply to this case.

4.  ■This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

July 18, 2014

Date: _____

/s/ Paul W. Rodney
_____

Signature of Party or Attorney for Party