IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2822-RPM

SANDY PHILLIPS, individually and as surviving parent
of Jessica Ghawi, decedent; LONNIE PHILLIPS,
individually and as surviving parent of Jessica Ghawi,
decedent,

Plaintiffs,

v.

LUCKYGUNNER, d/b/a/ BULKAMMO.COM,
THE SPORTSMAN'S GUIDE,
Brian Platt, d/b/a/ BTP ARMS,
Gold Strike E Commerce LLC d/b/a/
BULLETPROOFBODYARMORHQ.COM,
and JOHN DOES 1 through 10, unknown individuals,

Defendants.

---

**NOTICE OF INTERVENTION BY THE UNITED STATES OF AMERICA
TO DEFEND THE CONSTITUTIONALITY OF A FEDERAL STATUTE**

---

Pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1), and based on the authorization of the Solicitor General of the United States, the United States hereby intervenes in this case for the limited purpose of defending the constitutionality of the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq.* (the "Protection Act" or "Act"). On December 3, 2014, Plaintiffs filed a Notice of Constitutional Challenge pursuant to Federal Rule of Civil Procedure 5.1, stating that they have drawn into question the constitutionality of the Protection Act in their Opposition to Defendants' Motions to Dismiss (ECF No. 27). See ECF No. 28. The United States is filing herewith its memorandum in defense of the constitutionality of the Protection Act.

1

The United States is entitled to intervene in this case pursuant to the Federal Rules of Civil Procedure and statute. Federal Rule of Civil Procedure 5.1(c) permits the Attorney General to intervene in an action when, as here, the constitutionality of a federal statute has been challenged. Federal Rule of Civil Procedure 24(a)(1) further permits a non-party to intervene when the non-party "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The United States is specifically authorized by federal statute to intervene in any federal action in which the constitutionality of an Act of Congress is drawn into question. 28 U.S.C. § 2403(a) ("In any action . . . wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court . . . shall permit the United States to intervene . . . for argument on the question of constitutionality."). Here, where Plaintiffs have called into question the constitutionality of the Protection Act in their Opposition to Defendants' Motions to Dismiss, 28 U.S.C. § 2403(a) unconditionally allows the United States to intervene to defend the constitutionality of the Act. See, e.g., Oklahoma ex rel. Edmondson v. Pope, 516 F.3d 1214, 1216 (10th Cir. 2008) (vacating prior decision where United States had not been properly notified and emphasizing importance of allowing the Attorney General to intervene on behalf of the United States to defend Acts of Congress).

The United States' intervention, including its filing of a memorandum in support of the constitutionality of the Protection Act, will not interfere with the timely adjudication of this action. This notification is also timely. See Fed. R. Civ. P. 5.1(c) ("Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court

certifies the challenge, whichever is earlier."). Neither Plaintiffs nor Defendants oppose the

United States' intervention in this matter.[1]

Dated: February 2, 2015

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

 /s/ Lesley Farby
LESLEY FARBY (DC # 495625)
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-3481
Fax: (202) 616-8470
E-mail: Lesley.Farby@usdoj.gov

*Attorneys for Defendants*

---

[1] Plaintiffs take no position on the United States' intervention for the limited purpose of defending the constitutionality of the Protection Act.

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notice to the following:

| | |
|---|---|
| Thomas W. Stoever, Jr.<br>Paul W. Rodney<br>Arnold & Porter, LLP<br>370 Seventeenth Street, Suite 4400<br>Denver, CO 80202<br>(303) 863-1000<br>Thomas.Stoever@aporter.com<br>Paul.Rodney@aporter.com<br><br>*Counsel for Plaintiffs* | Phillip R. Zuber<br>Sasscer Glagett & Bucher<br>5407 Water Street, Suite 101<br>Upper Marlboro, MD 20772<br>(301) 627-5500<br>pzuber@scblawyers.com<br><br>Bruce A. Montoya<br>Messner & Reeves LLP<br>1430 Wynkoop Street, Suite 300<br>Denver, Colorado 80202<br>303-623-1800<br>bmontoya@messner.com<br><br>*Counsel for Defendant Brian Platt, d/b/a BTP Arms* |
| Marc Colin<br>Bruno, Colin & Lowe, P.C.<br>1999 Broadway, Suite 3100<br>Denver, Colorado 80202<br>(303) 831-1099<br>MColin@brunolawyers.com<br><br>Andrew A. Lothson<br>Swanson, Martin & Bell, LLP<br>330 North Wabash, Suite 3300<br>Chicago, IL 60611<br>(312) 321-9100<br>alothson@smbtrials.com<br><br>*Counsel for Defendant LuckyGunner, LLC* | Peter A. T. Carlson<br>Donald Mark Chance, Jr.<br>Patrick J. Rooney<br>Fafinski Mark & Johnson, P.A.<br>775 Prairie Center Drive, Suite 400<br>Eden Prairie, MN 55344<br>(952) 995-9500<br>peter.carlson@fmjlaw.com<br>donald.mark@fmjlaw.com<br>patrick.rooney@fmjlaw.com<br><br>*Counsel for Defendant The Sportsman's Guide* |

In addition, I served copies of same by deposit with the United States Postal Service on the following non-CM/ECF participants:

| | |
|---|---|
| John W. Suthers<br>Attorney General<br>Colorado Department of Law<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway, 10th Floor<br>Denver, CO 80203 | Jonathan E. Lowy<br>Kelly Sampson<br>Brady Center to Prevent Gun Violence<br>840 First Street, N.E., Suite 400<br>Washington, D.C. 20002<br><br>*Counsel for Plaintiffs* |

                                            /s/ Lesley Farby
                                           Lesley Farby