IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2822-RPM

SANDY PHILLIPS, individually and as surviving parent
of Jessica Ghawi, decedent; LONNIE PHILLIPS,
individually and as surviving parent of Jessica Ghawi,
decedent,

Plaintiffs,

v.

LUCKYGUNNER, d/b/a/ BULKAMMO.COM,
THE SPORTSMAN'S GUIDE,
Brian Platt, d/b/a/ BTP ARMS,
Gold Strike E Commerce LLC d/b/a/
BULLETPROOFBODYARMORHQ.COM,
and JOHN DOES 1 through 10, unknown individuals,

Defendants.

## PLAINTIFFS' RESPONSE TO THE UNITED STATES' NOTICE OF INTERVENTION AND MEMORANDUM

Plaintiffs Sandy Phillips and Lonnie Phillips ("Plaintiffs") respectfully submit this response to the United States' Notice of Intervention (Dkt. No. 34) and Memorandum in Support of the Constitutionality of the Protection of Lawful Commerce in Arms Act (Dkt. No. 34-1) (hereinafter, "Mem.").

## ARGUMENT

Plaintiffs do not object to the Government's intervention in this case for the limited purpose of addressing the Constitutionality of the Protection of Lawful Commerce in Arms Act,

15 U.S.C. § 7901 *et seq.* (the "PLCAA"). Plaintiffs agree with the Government that if possible this Court should avoid reaching the Constitutional issues raised by the PLCAA — but that can only be done by holding that the statute does not shield Defendants from liability. The Government's arguments fail to address the key Constitutional flaws with the Act and support an overbroad view of federal authority over states and the judicial branch. Plaintiffs reassert the arguments made in their Response Brief at pp. 20-26 (Dkt. No. 27), and additionally respond to two points here.

### A. The PLCAA impermissibly infringes on Colorado's sovereign right to allocate its lawmaking function

The Government is incorrect that the Act "does not dictate to Colorado how it must allocate its lawmaking authority." Mem. at 8. The Government does not address — and cannot deny — a central Constitutional flaw in the PLCAA: under Defendants' reading of the statute, if Colorado wishes to allow licensed firearms and ammunition sellers to be held accountable to victims of their negligent sales beyond PLCAA-sanctioned entrustment actions, then it can only do so through its legislative branch. The PLCAA prohibits Colorado's judiciary from imposing such liability, even though Colorado common law authorizes the imposition of civil liability on negligent actors.

For example, if the legislature were to enact a statute requiring internet sellers of dangerous materiel to use specific screening processes, the PLCAA would permit a claim that alleges knowing violations of that statute. But if the same plaintiffs alleged that the retailers violated their common law duties — "judge-made" law — the PLCAA would bar Colorado

courts from applying Colorado law.  The Government identifies no Constitutional authority for such federal tinkering in state governance.[1]

The PLCAA also is not a rational regulation of commerce, as its limitations are not based on a type of conduct that Congress wished to protect.  Rather, it is a restraint on the judicial branch and a restriction on Colorado's choice to have its judicial branch assess civil liability through the common law.  There is no legitimate basis for Congress to require Colorado to utilize its legislative branch to establish liability standards for firearms and ammunition sellers and to deprive its courts from applying Colorado common law in such cases.

### B. The PLCAA violates the Due Process and the Equal Protection guarantees of the Fifth Amendment

The Government's arguments call for excessively expansive federal authority.  In contesting Plaintiffs' Due Process arguments, the Government appears to suggest that Congress can simply bar state courts from imposing liability on any industry the majority in Congress favors and leave victims of misconduct with no real civil remedy — except perhaps a worthless judgment against a judgment-proof criminal.  If that is true, then Coloradans and other Americans have no real rights to civil justice against wrongdoers; they exist only at the whim of Congress.  Relying on citations rather than logic, the Government contends the PLCAA is rational economic regulation, when (under Defendants' reading) the PLCAA irrationally allows for unlimited liability against sellers who violate statutory laws, but no liability for sellers who

---

[1] The Government also avoids addressing an implication of this point: the PLCAA is unlike any preemption law ever enacted by Congress.  If the legislature imposes liability for certain negligent internet sales, Colorado can avoid preemption of its laws and Defendants can be held liable without limits — for precisely the same conduct that causes precisely the same injuries that Defendants claim are barred if they violate judge-made law.

3

violate common law. That is judicial regulation, perhaps, but not a rational economic regulation that exists in any other federal law.

\* \* \*

For the reasons set forth above and in Plaintiffs' Response brief (Dkt. No. 27), the PLCAA is unconstitutional. However, as Plaintiffs' reading of the PLCAA is plausible, it should be accepted to allow Plaintiffs' claims to proceed and the Motions to Dismiss should be denied.

Dated: February 23, 2015.

Respectfully submitted,

ARNOLD & PORTER LLP

By: s/ Thomas W. Stoever, Jr.

Thomas W. Stoever, Jr.
Paul W. Rodney
370 Seventeenth Street, Suite 4400
Denver, CO 80202-1370
Telephone: 303.863.1000
Email: Thomas.Stoever@aporter.com
Email: Paul.Rodney@aporter.com


THE BRADY CENTER TO PREVENT GUN VIOLENCE

Jonathan Lowy
Kelly Sampson
840 First Street, NE, Suite 400
Washington, DC 20002
Email: jlowy@bradymail.org
Email: ksampson@bradymail.org

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 23, 2015 a copy of the foregoing **PLAINTIFFS' RESPONSE TO THE UNITED STATES' NOTICE OF INTERVENTION AND MEMORANDUM** was filed and served via CM-ECF on:

| | |
|---|---|
| Marc Colin<br>Bruno, Colin & Lowe, P.C.<br>1999 Broadway, Suite 3100<br>Denver, Colorado 80202<br>(303) 831-1099<br>(303) 831-1088 FAX<br>MColin@brunolawyers.com<br><br>Andrew A. Lothson<br>James B. Vogts<br>Swanson, Martin & Bell, LLP<br>330 North Wabash, Suite 3300<br>Chicago, IL 60611<br>(312) 321-9100<br>(312) 321-0990 FAX<br>alothson@smbtrials.com<br>jvogts@smbtrials.com<br><br>***Attorneys for Defendant LuckyGunner, LLC*** | Peter A. T. Carlson*<br>Donald Chance Mark, Jr.*<br>Patrick J. Rooney*<br>Flagship Corporate Center<br>775 Prairie Center Drive, Suite 400<br>Eden Prairie, MN 55344<br>(952) 995-9500<br>peter.carlson@fmjlaw.com<br>donald.mark@fmjlaw.com<br>patrick.rooney@fmjlaw.com<br>*Admitted in Dist. of Colorado<br><br>***Attorneys for The Sportsman's Guide, Inc.*** |
| Phillip R. Zuber, Esquire<br>5407 Water Street, Suite 101<br>Upper Marlboro, MD 20772<br>(301) 627-5500<br>(301) 627-4156 Fax<br>pzuber@scblawyers.com<br><br>***Attorney for Defendant Brian Platt, d/b/a BTP Arms*** | Bruce A. Montoya, Esq., Bar No. 14233<br>Messner Reeves LLP<br>1430 Wynkoop Street, Suite 300<br>Denver, Colorado 80202<br>303-623-1800<br>bmontoya@messner.com<br><br>***Attorney for Defendant Brian Platt, d/b/a BTP Arms*** |

And by U.S. Mail upon:

Defendant Gold Strike E Commerce LLC
d/b/a/ BULLETPROOFBODYARMORHQ.COM
Christopher E. Russell, Agent for Service
1546 West Vine Ave.
Mesa, AZ  85202

                                                    s/ Rebecca A. Golz