## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2822-RPM

SANDY PHILLIPS, individually and as surviving parent
of Jessica Ghawi, decedent; LONNIE PHILLIPS,
individually and as surviving parent of Jessica Ghawi,
decedent.

Plaintiffs,

v.

LUCKY GUNNER, d/b/a/ BULKAMMO.COM,
THE SPORTSMAN'S GUIDE,
Brian Platt, d/b/a/ BTP ARMS,
Gold Strike E Commerce LLC d/b/a/
BULLETPROOFBODYARMORHQ.COM,
and JOHN DOES 1 through 10, unknown individuals.

Defendants.

---

## DEFENDANT LUCKYGUNNER'S MOTION FOR FEES AND COSTS

---

Defendant, LuckyGunner, LLC ("LG"), pursuant to Fed. R. Civ. P. 54(d), D.C. Colo.
L.Civ.R. 54.3, C.R.S. § 13-21-504.5, C.R.S. § 13-17-201, 28 U.S.C. §§ 1920 *et seq.*, and the
Court's Order of March 27, 2015 (DE 45), moves this Court to assess reasonable attorney fees and
costs as follows:

1.      On March 27, 2015, the Court entered judgement against Plaintiffs (DE 46) and
granted LG's Rule 12(b)(6) motion to dismiss, stating that "[p]ursuant to C.R.S. §13-21-504.5,
defendants Lucky Gunner and the Sportsman's Guide are entitled to an award of reasonable
attorney fees and costs to be determined after filing motions pursuant to D.C.Colo.L.Civ.R.54.3 .
. . ." (DE 45 at 19.)

2.      Because the entire action against LG was dismissed under Rule 12(b), LG requests

that the award of attorney fees also be awarded under C.R.S. § 13-17-201, which states, in pertinent

part, that "[i]n all actions brought as a result of a death or an injury to person or property occasioned

by the tort of any other person, where any such action is dismissed on motion of the defendant

prior to trial under rule 12 (b) of the Colorado rules of civil procedure, such defendant shall have

judgment for his reasonable attorney fees in defending the action."   In the Tenth Circuit, attorney

fees statutes, including C.R.S. § 13-17-201, are considered substantive and are applicable to

dismissals of lawsuits in federal court.  *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir.

2000); *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 715-16 (10th

Cir. 2009).

3.      Furthermore, it is within the inherent power of the Court to assess an attorney fees

award against counsel for a party. *Glass v. Pfeffer*, 849 F.2d 1261, 1264 (10th Cir. 1988).  LG

requests that fees and costs be assessed jointly and severally against the Plaintiffs and their

attorneys.  The Plaintiffs filed multiple lawsuits arising from the incident that forms the basis of

the present lawsuit. (*See* DE 15, identifying Plaintiffs' other lawsuit, a consolidated wrongful death

action against the movie theater.)   The case at bar, however, was a political lawsuit seeking

injunctive relief against a lawfully operating business in the firearms and ammunition industry,

which also included legal representation of the Plaintiffs by attorneys from the Brady Center to

Prevent Gun Violence (the "Brady Center").   (Indeed, Plaintiffs have also publicized their

involvement with and employment by the Brady Center.)  The present lawsuit was lacking in merit

on several threshold levels, one such level being the presence of both state and federal immunity

statutes directly on point.  Under the circumstances, it is appropriate that the fees and costs awarded

by the Court be assessed jointly and severally against the Plaintiffs and their attorneys.

4.      Pursuant to D.C. Colo. L.Civ.R. 54.3, the Affidavit of Marc F. Colin, counsel for LG, is attached as Exhibit A ("Colin Affidavit"), summarizing the relevant qualifications and experience of the attorneys and paralegals for whom fees are claimed from the law firm of Bruno, Colin & Lowe, P.C.

5.      Pursuant to D.C. Colo. L.Civ.R. 54.3, the Affidavit of James B. Vogts, counsel for LG, is attached as Exhibit B ("Vogts Affidavit"), summarizing the relevant qualifications and experience of the attorneys and paralegals for whom fees are claimed from the law firm of Swanson, Martin & Bell, LLP.

6.      Attached to the affidavits of Mr. Colin and Mr. Vogts submitted as support for this motion are itemized time entries ("Billing Invoices") documenting the attorney fees and costs incurred in defending this lawsuit by LG's counsel, Bruno, Colin & Lowe, P.C. and Swanson, Martin & Bell, LLP.   The Billing Invoices provide detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed, as required by D.C. Colo. L.Civ.R. 54.3(b)(2).

7.      The attorney fees of Swanson, Martin & Bell, LLP are $137,597.50 in total, and are as follows:

a.   JBV – 159.2 hrs. x $390 = $62,088.00
b.   AAL – 261.6 hrs. x $245 = $64,092.00
c.   SLV – 33.7 hrs. x $220 = $7,414.00
d.   SLV – 11.8 hrs. x $210 = $2,478.00
e.   GEM – 11.3 hrs. x $135 = $1,525.50

(*See* Vogts Affidavit at Ex. 1, Oct. 15, 2014 through Apr. 8, 2015 Billing Invoices.)

8.      The expenses of counsel for travel to the oral argument of March 16, 2015 are $2,278.20.  (*See* Vogts Affidavit at Ex. 1, Apr. 8, 2015 Billing Invoice, p. 5 and supporting

documentation attached thereto.) *See Ward v. Siebel*, 2012 U.S. Dist. LEXIS 83171, *20 (D. Colo. June 15, 2012) (awarding, *inter alia*, airfare, hotel, meal, parking and taxi costs).

9.      The attorney fees of Bruno, Colin & Lowe, P.C. are $10,281.50 in total, and are as follows:

      a.   MC – 22.7 hrs. x $325 = $7,377.5
      b.   LDM – 24.3 hrs. x $110 = $2,673.00
      c.   MB – 2.1 hrs. x $110 = $231.00

(*See* Colin Affidavit at Ex. 1, Oct. 31, 2014 through Apr. 9, 2015 Billing Invoices.)

10.     The costs of Swanson, Martin & Bell, LLP are $400.00 in total.  The costs of Bruno, Colin & Lowe, P.C. are $1,018 in total.   These costs incurred and supporting documentation were included in the Billing Invoices attached to the affidavits of Mr. Vogts and Mr. Colin.  The costs are also listed in the Bill of Costs and accompanying itemization that will be promptly filed with this motion.

11.     Finally, LG requests attorney fees incurred in preparing this motion for fees and costs and the supporting affidavits, negotiating with Plaintiffs' counsel in an effort to reach an amicable resolution to issues related to the award of fees, and litigating this motion thereafter.  The recovery of fees for resolving an attorney fees request is generally allowed even after the merits of the lawsuit have been resolved. *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986).  "It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary." *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988). Accordingly, the attorney fees of Bruno, Colin & Lowe, P.C. and Swanson, Martin & Bell, LLP from after the Court's entry of judgment on March 27, 2015 (DE 46) through resolution of the pending motion should be awarded to LG.

12.     The attached Billing Invoices of Swanson, Martin & Bell, LLP are for work to defend this case through March 31, 2015.  The attached Billing Invoices of Bruno, Colin & Lowe, P.C. are for work to defend this case through April 7, 2015.  Accordingly, LG will supplement its invoices through resolution of this motion.

## CONFERENCES BETWEEN THE PARTIES

Pursuant to D.C. Colo. L.Civ.R. 7.1, counsel for LG first contacted counsel for the Plaintiffs by telephone on April 3, 2015 to discuss issues related to the Court's order granting LG attorney fees and costs in the March 27, 2015 Memorandum Opinion and Judgment.  In follow-up to the initial discussion between counsel, LG's counsel e-mailed Plaintiffs' counsel outlining issues raised in this motion in an effort to reach an amicable resolution.  Plaintiffs' counsel and LG's counsel have since had multiple telephone conferences in an effort to resolve this matter.  It is LG's understanding that Plaintiffs oppose the relief requested in this motion.

## CONCLUSION

The Defendant, LuckyGunner, LLC, requests that the Court, under both C.R.S. §13-21-504.5 and C.R.S. § 13-17-201, award the attorney fees and costs against Plaintiffs and their attorneys jointly and severally in the amount of $151,574.70 and the amount to be determined with respect to fees incurred to litigate the fee award.

Respectfully submitted,

**LUCKYGUNNER, LLC**

By: /s/ *Andrew A. Lothson*
One of Defendant LuckyGunner, LLC's
Attorneys

Marc Colin
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 3100
Denver, Colorado 80202

5

(303) 831-1099
(303) 831-1088 FAX
MColin@brunolawyers.com

James B. Vogts
Andrew A. Lothson
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 FAX
jvogts@smbtrials.com
alothson@smbtrials.com

**Attorneys for Defendant, LuckyGunner, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

1.      Thomas W. Stoever, Jr.
        Paul W. Rodney
        Arnold & Porter LLP
        370 Seventeenth Street, Suite 4400
        Denver, CO 80202

**Counsel for Plaintiffs**

2.      Patrick J. Rooney, Esq.
        Donald Chance Mark, Jr., Esq.
        Peter A.T. Carlson, Esq.
        Fafinski, Mark & Johnson
        775 Prairie Center Dr., Suite 400
        Eden Prairie, MN 55344

**Counsel for The Sportsman's Guide, Inc.**

3.      Phillip R. Zuber, Esquire
        Sasscer, Clagett & Bucher
        5407 Water Street, Suite 101
        Upper Marlboro, MD 20772

4.      Bruce A. Montoya, Esq.
        Messner Reeves, LLP
        1430 Wynkoop St., Suite 300
        Denver, CO 80202

**Counsel for Defendant Brian Platt, d/b/a BTP Arms**

I hereby further certify that I have mailed the foregoing via U.S. mail, postage prepaid, to the following non-CM/ECF participants:

5.      Jonathan E. Lowy
        Elizabeth Burke
        Kelly Sampson
        Brady Center to Prevent Gun Violence
        840 First Street, NE, Suite 400
        Washington, DC 20005

**Counsel for Plaintiffs**

6.      Gold Strike E Commerce, LLC
        d/b/a bulletproofbodyarmorhq.com
        Christopher E. Russell, Agent for Service
        1546 West Vine Ave.
        Mesa, AZ 85202


                                        */s/  Andrew A. Lothson*
                                        Andrew A. Lothson