IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:14-cv-02822 - RPM

SANDY PHILLIPS, individually and as surviving parent, of Jessica Ghawi, decedent;

LONNIE PHILLIPS, individually and as surviving parent of Jessica Ghawi, decedent,

Plaintiffs,

v.

LUCKY GUNNER d/b/a/ BULKAMMO.COM,
THE SPORTSMAN'S GUIDE,
BRIAN PLATT d/b/a/ BTP ARMS,
GOLD STRIKE E COMMERCE LLC d/b/a/
BULLETPROOFBODYARMORHQ.COM, and
JOHN DOES 1 through 10, unknown individuals,

Defendants.

**AFFIDAVIT OF
DONALD CHANCE MARK, JR.**

STATE OF MINNESOTA    )
                      ) ss.
COUNTY OF HENNEPIN    )

I, Donald Chance Mark, Jr., have personal knowledge of the facts contained herein and, being first duly sworn on oath, depose and state the following:

1. I am one of the attorneys representing Defendant The Sportsman's Guide ("TSG") in the above-entitled action, and am familiar with the work performed on behalf of TSG in this matter by the attorneys at Fafinski Mark & Johnson, P.A. ("FMJ").  I offer this Affidavit pursuant to the Court's Order dated March 27, 2015 (ECF 45) which granted Defendants' Motion to Dismiss and awarded TSG its reasonable attorneys' fees and costs pursuant to C.R.S. §13-21-504.5.  I also offer the Affidavit in support of TSG's requests for fees under C.R.S. § 13-17-201.

2.    I am an attorney licensed to practice law in the state of Minnesota since 1973, in the state of Wisconsin since 1985, as well as in the United States Supreme Court, the United States Court of Appeals in the Eighth and Fifth Circuits, and in the Federal District Courts for the Districts of Minnesota, the Eastern District of Wisconsin, the Western District of Wisconsin, the Southern District of Texas, Houston Division, the Central District of California, the Western District of Louisiana, The Western District of South Dakota, the Southern District of New York, the District of Nevada, and the District of Colorado. I am also admitted to practice *pro hac vice* in numerous other states.

3.    I have tried approximately 100 jury cases in the states of Minnesota, Wisconsin, Texas, Louisiana, Kentucky, Illinois, Michigan, Colorado and California.

4.    I am certified as a civil trial advocate by the National Board of Trial Advocacy and as a civil trial specialist by the Minnesota State Bar Association. I am also a member of the International Society of Barristers, the American Board of Trial Advocates, the Douglas K. Amdahl Inn of Court and the Million Dollar Advocates Forum.

5.    Along with me, two other attorneys with FMJ have provided the majority of the legal services in this matter on behalf of TSG: Patrick J. Rooney and Peter A. T. Carlson. A summary of the relevant qualifications and experience for Mr. Rooney and Mr. Carlson follows:

    a.    Mr. Rooney is a Shareholder with FMJ and a 1986 graduate of Duke University School of Law. He is licensed and in good standing to practice law in the states of Massachusetts, Minnesota and Wisconsin, as well as in the Federal District Courts for the Districts of Massachusetts, Minnesota, Colorado, the Eastern District of Wisconsin, the Eastern District of Michigan, and the First Circuit Court of Appeals. Mr. Rooney has also been admitted to practice *pro hac*

*vice* in numerous other states. Mr. Rooney is also a member of the Douglas K. Amdahl Inn of Court and a Fellow in the Litigation Counsel of America

      b.      Peter A. T. Carlson is an associate with FMJ and a 2005 graduate of the University of Minnesota Law School. He is licensed and in good standing to practice law in the state of Minnesota, as well as in the Federal District Courts for the Districts of Minnesota, Colorado, the Eastern District of Wisconsin, the Eastern District of Michigan, and the Eighth Circuit Court of Appeals.

6.      Attached hereto as **Exhibit A** are the FMJ billing records for this matter showing the time worked by FMJ's attorneys incurred through March 31, 2015. The billing records are set forth in a spreadsheet sorted by date, that set forth the amount of time incurred by each attorney, and a description of the services provided. The fees described in Exhibit A for the period prior to March 1, 2015 have been billed to TSG and actually incurred. In addition, the fees described in Exhibit A for March 2015 will be billed to TSG in April 2015.

7.      The narrative column in Exhibit A has been redacted as necessary to preserve attorney-client privilege. A summary of the time spent by each attorney is as follows:

| Timekeeper | Total Hours Billed | Hourly Billing Rate | Total |
|---|---|---|---|
| Donald C. Mark, Jr. | 11.2 | $325 | $3,640.00 |
| Patrick J. Rooney | 168.1 | $325 | $51,512.50 |
| Peter A. T. Carlson | 70.1 | $235 | $14,734.50 |
| | | **TOTAL:** | **$69,887.00** |

8.      Defendants have also incurred time related to this matter for which they are not seeking reimbursement. The attorneys' fees for which TSG is not seeking reimbursement have been removed from Exhibit A and are not included in the summaries listed in paragraph 3 above. The amount of time for which no reimbursement is sought exceeds $8,000.00.

9. Attached hereto as **Exhibit B** are the costs and disbursements incurred by TSG in this matter. The costs and disbursements are set forth in the spreadsheet and are sorted by date. These costs include PACER/ECF fees, Lexis Online Research Charges, and travel and related expenses incurred in counsel's travel to Colorado and attendance at the motion to dismiss hearing held on March 16, 2015. The supporting invoices and documentation for these costs are enclosed with the spreadsheet and as part of Exhibit B.

10. The costs and disbursements described in Exhibit B for the period prior to March 1, 2015 have been billed to TSG and actually incurred. In addition, the costs and disbursements described in Exhibit B for March 2015 will be billed to TSG in April 2015. In total, TSG has incurred $2,010.87 in costs and disbursements.

11. Attached hereto as **Exhibit C** is a copy of Ronald L. Wilcox's CV. Mr. Wilcox is a licensed lawyer in the state of Colorado and the United States District Court of Colorado and served as local counsel for TSG in this matter. The attached CV sets forth Mr. Wilcox's extensive experience practicing in complex litigation in federal and state courts.

12. Attached hereto as **Exhibit D** is a copy of two invoices describing the time Mr. Wilcox incurred representing TSG in this matter. Exhibit D includes a description of the services Mr. Wilcox performed. Mr. Wilcox's hourly rate charged is $300/hour. All total, Mr. Wilcox incurred 3.8 hours of time, amounting to $1,140 in fees charged to TSG.

13. It is my opinion that the billing rates of the professionals who generated fees in connection with this case are reasonable. This opinion is based on the hourly rates charged for this type of litigation by attorneys of comparable experience in the community. It is further based upon my personal knowledge, obtained as an attorney at FMJ. Finally, it is my opinion

5

that tasks performed in defense of this suit by Sportsman's Guide's attorneys were necessary to the defense of this suit, and the expenditure of time in the defense of this suit was reasonable.

14. Based on the above, as of the date of filing, TSG has incurred a total of $71,027 in attorneys' fees and $2,010.87 in costs and disbursements in its defense of this matter.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated: April 10, 2015                               s/ Donald Chance Mark, Jr.
                                                    Donald Chance Mark, Jr.

Subscribed and sworn to before me
This 10th day of April, 2015.

s/ Jeanette A. Taylor
            Notary Public