**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

SANDY PHILLIPS, individually and as    :
surviving parent of Jessica Ghawi, decedent;   :
LONNIE PHILLIPS, individually and as    :
surviving parent of Jessica Ghawi, decedent   :
                                               :
        Plaintiffs                  :  Civil Action No. 1:14-cv-02822-RPM
                                               :
        v.                        :
                                               :
BRIAN PLATT, d/b/a BTP Arms, *et al.*     :
                                             :
        Defendants               :

---

**DEFENDANT PLATT'S REPLY MEMORANDUM IN RESPONSE TO PLAINTIFFS'
OPPOSITION TO PLATT'S MOTION FOR ATTORNEYS' FEES**

---

The Defendant, Brian Platt d/b/a BTP Arms ("Platt"), through counsel, in response to Plaintiffs' Opposition to Defendant Platt's Motion for Attorneys' Fees submits the following Reply Memorandum.

When an action brought as a result of a death or injury is dismissed under Rule 12(b), C.R.S. §13-17-201 provides that the "defendant shall have judgment for his reasonable attorney fees in defending the action."

Plaintiffs do not dispute that C.R.S. §13-17-201 applies to this case. They do not contest that it mandates an award of reasonable attorneys. Instead, Plaintiffs argue that reasonable attorney fees for defending this action should be no fee or a small fee because: (1) the fees incurred defending this action involve a lot of money and Plaintiffs

are persons of modest means; (2) the Defendants should have settled meritless claims rather than challenge the basis for those claims; (3) counsel for the Defendants spent too much time doing too much work at legal rates that were too high; and (4) the claimed costs are excessive and unsupported.

**I.    PLATT'S REQUEST FOR ATTORNEYS' FEES SHOULD BE CONSIDERED ON ITS OWN MERIT AND NOT AS A PART OF THE REQUESTS BY OTHER DEFENDANTS.**

Much of Plaintiffs' argument rests on the premise that the Court should consider the Defendants together as a single entity and, as such, cumulatively, Defendants' counsel spent too much time and are asking for too much.  That argument ignores the obvious:  each Defendant has separate interests, a separate entitlement to defend actions brought against him and a separate entitlement to fees.

The fee shifting statute employs the term "defendant" in the singular – not "defendants" in the plural.  There is no legal authority that allows the legal fees of all Defendants to be combined into a single sum and a determination made that the combined fees are too high and, therefore, no Defendant is entitled to an award.  Such an approach is contrary to the statute.  Each Defendant is entitled to reasonable attorney fees that he incurred in successfully obtaining a dismissal.  That entitlement is not lessened or reduced because of legal fees incurred by others.

Out of the many entities that allegedly supplied Holmes with the means to perpetrate mass murder, Plaintiffs chose to sue only five.  Quite naturally, and reasonably, Platt retained counsel in his home state (Maryland) (facilitating meetings and communication), and retained local counsel, a common and often wise practice.  Platt,

unlike the other defendants, did not have the benefit of federal and state immunity statutes protecting sellers of firearms and ammunition, which distinguishes Platt's interests from that of other defendants.   Moreover, Plaintiffs did not allege any facts that the product purportedly sold by Platt (tear gas) caused any harm. Platt's interests were clearly distinct and separate from those of the other Defendants.

As Plaintiffs point out, counsel for Platt spent substantially less time than any other counsel in the case in "defending the action."[1]  Plaintiffs also indirectly concede that Platt's counsel charged a reasonable hourly rate.

## II.     AWARD OF FEES IS MANDATORY – THERE ARE NO SPECIAL OR RARE CIRCUMSTANCES HERE.

This case is precisely the type of case to which C.R.S. § 13-17-201 was intended to apply. Yet, Plaintiffs assert that this case involves "special circumstances" that warrant no fee. Pls.' Opp'n to Defs.' Mot. for Att'y Fees and Costs at 4-6.

The fee-shifting provision of C.R.S. § 13-17-201 was enacted for the very purpose of discouraging and deterring unnecessary litigation concerning tort claims – and must be applied in the present circumstance. *See Crandall v. City & Cnty. of Denver*, 283 P.3d 659, 662 (Colo. 2010); *Houdek v. Mobil Oil Corp.,* 879 P.2d 417, 424 (Colo.App.1994); *Emp'rs Ins. of Wausau v. RREEF USA Fund–II (Colo.), Inc.*, 805 P.2d 1186, 1188

---

[1]     Plaintiffs' counsel makes many assertions regarding how much total attorney time was spent by them, what time associates versus partners spent and the like.  But Plaintiffs offer no written evidence of these assertions.   Plaintiffs' counsel also submitted an affidavit making certain assertions about the work done by Arnold & Porter.  Strangely and tellingly absent is any reference to the number of hours spent by other counsel for the Plaintiffs – the Brady Center.  Plaintiffs' counsel certainly have not subjected their bills and records to independent scrutiny and comparison.  Without those records being disclosed, they can hardly serve as a basis for comparison.

3

(Colo.App.1991). Because attorney fee statutes are considered substantive for diversity purposes, the Tenth Circuit has held that, when exercising diversity jurisdiction, federal courts should use C.R.S. § 13-17-201 as the fee recovery provision when Colorado state law tort claims are dismissed under Fed.R.Civ.P. 12(b), as Plaintiffs' claims were. *See Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 Fed. Appx. 707, 715 (10th Cir. 2009); *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000); *Boyd Rosene & Assocs. V. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999) (finding that attorney fees are substantive for diversity purposes).

An award of fees under C.R.S. §13-17-201 is mandatory – i.e., a court must award reasonable attorney fees to a defendant when a court dismisses a plaintiff's tort action before trial. *Jones*, 203 F.3d at 748, 757. The statute applies with equal force to a dismissal under Fed.R.Civ.P. 12(b) of a tort claim brought under Colorado law. *See Shrader v. Beann*, 503 Fed. Appx. 650, 654-55 (10th Cir. 2012) (citing *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 81 F. Supp.2d 1090, 1102 (D.Colo. 2000)); *Zerr v. Johnson*, 905 F. Supp. 872, 875 (D.Colo.1995), *aff'd* 120 F.3d 272, 1997 WL 423115 (10th Cir. July 29, 1997) (statute equally applicable to a dismissal under Fed.R.Civ.P. 12(b)). The plain language of the statute entitles Platt to an award of reasonable attorney fees.

Nonetheless, Plaintiffs invoke "special circumstances," which they claim defeats the authority of C.R.S. §13-17-201.  The first special circumstance cited is that the Defendants should be penalized for pursuing a motion to dismiss rather than settlement. Pls.' Opp'n to Defs.' Mot. for Att'y Fees and Costs at 5.  But Platt is entitled to an award of fees precisely because he pursued a motion to dismiss.  C.R.S. §13-17-201.  Plaintiffs

elected to sue Platt, triggering the need for and cost of attorneys.   He obtained a dismissal.  Because he obtained a dismissal, he is entitled to reasonable attorney fees.

This "duty to settle," argue Plaintiffs, existed even though the claims had no legal validity and warranted dismissal.  Moreover, according to Plaintiffs, because Platt did not take the initiative, approach Plaintiffs, and agree to "reasonable reforms" (reforms that the Court concluded were not required by law), he is not entitled to recover any fees.  There is absolutely no legal authority to support these assertions.

There were no negotiations.  Even if there had been settlement discussions, there is no authority in this circuit for reducing or limiting a fee award based on settlement negotiations, absent a Rule 68 offer of judgment.  See *Cooper v. Utah,* 894 F.2d 1169, 1172 (10th Cir. 1990).   Even those courts that consider settlement negotiations in connection with measuring the degree of success have noted that it is only one factor that may be considered, and the court is free to reject such considerations when negotiations occur at an early stage before discovery.   *See, e.g., Lohman v. Duryea Borough,* 574 F.3d 163, 169 (3rd Cir. 2009).

Counsel found no case where a court reduced a defendant's fee to zero because that defendant did not pursue settlement before filing a successful preliminary motion. Likewise, counsel found no case that held that the *absence* of settlement negotiations is a "special circumstance" that warrants reducing a fee award to zero.

Plaintiffs have it backwards.  If settlement were a consideration, the burden would be on the Plaintiffs to show that they attempted settlement.   Plaintiffs made no such

overture.   Instead, Plaintiffs launched a pre-emptive strike, taking the my-way-or-the-highway approach.

The second special circumstance claimed by Plaintiffs is the loss of their child.[2] Pls.' Opp'n to Defs.' Mot. for Att'y Fees and Costs at 6. The fee recovery statute mandating an award of Platt's fees specifically contemplates an award of fees in cases brought as a result of a death.  C.R.S. §13-17-201.   Further, Plaintiffs chose to go beyond that tragic circumstance and initiate this crusade against internet sellers even though they could offer no evidence that the alleged transactions were conducted in violation of applicable laws.  It was a crusade undoubtedly made with the encouragement, assistance and support of the Brady Center and a crusade that the Court found had no legal basis.

The third special circumstance cited by Plaintiffs is that this is a "public interest" lawsuit.  Pls.' Opp'n to Defs.' Mot. for Att'y Fees and Costs at 2, 18. That is Plaintiffs' viewpoint.   But federal and state laws have concluded the public interest is exactly opposite of that claimed by the Plaintiffs – namely, that these types of suits are not in the public interest and fees should be awarded.

There is no First Amendment right to make claims that have no legal basis.  While litigation can be a form of political expression protected by the First Amendment, what is offensive is barriers that restrict access to legal assistance and the Courts.  *See, e.g.,*

---

[2]     Plaintiffs also claim that they are persons of modest means.  Pls.' Opp'n to Defs.' Mot. for Att'y Fees and Costs at 2. There is nothing before the Court to support that assertion or to define what is meant by "modest means." In fact, Plaintiffs' own assertion that they are "not working while they attend the ongoing, months-long trial of their daughter's killer," *Id.*, suggests Plaintiffs are of sufficient enough means to support a comfortable lifestyle without having paid employment.

*NAACP v. Burton,* 371 U.S. 415 (1963).  The only barrier to Plaintiffs' claims was that they have legal merit.  They did not.

The fact that Plaintiffs regard their pursuit of this matter as being in the "public interest" is hardly a "rare" or "special circumstance" warranting no fee.

### III.   PLAINTIFFS HAD AN OPPORTUNITY TO AVOID LIABILITY FOR DEFENDANT'S FEES, BUT CHOSE TO PURSUE  LITIGATION.

Plaintiffs could have avoided liability for attorneys' fees under C.R.S. §13-17-201.  By implication, C.R.S. §13-17-201 allows a plaintiff to escape liability for attorneys' fees by filing a confession to a motion to dismiss under Rule 12(b).  That would have eliminated Platt's need to expend efforts beyond the filing of his motion. *See Brammer-Hoelter*, 81 F. Supp.2d 1090, 1102; *Houdek*, 879 P.2d 417, 425.

Additionally, Plaintiffs could have avoided liability for attorneys' fees under C.R.S. §13-17-201 by seeking a voluntary dismissal or by filing a stipulation of dismissal. *See Zerr*, 120 F.3d 272, 272. Yet, Plaintiffs opted not to do either.

Ultimately, Plaintiffs chose to press full bore ahead, and willingly took upon themselves the risk of being liable for Defendants' attorneys' fees.

### IV.   THE ALLEGED DEFICIENCIES IN BILLING RECORDS ARE NOT PRESENT IN THE BILLING RECORDS OF PLATT'S COUNSEL.

Plaintiffs assert that attorney fees should be reduced because of these deficiencies:  (1) "block billing"; (2) other entities might be paying the bills; (3) the rates are too high; (4) excessive time was spent on removal and other matters; (5) duplicative work was performed; and (6) Platt's request for expenses of $1,444.89 is excessive and unsupported.

Platt's counsel did not employ "block billing."  Any objective review of counsel's billing records demonstrates that none of the pernicious practices of "block billing" are present.  Every multiple item entry clearly describes work directly connected to one identified task or issue.

Platt paid for all of the legal work performed by his counsel.  Despite Plaintiffs' speculation, no other entitles were involved.

Plaintiffs concede that the legal rates charged to Platt were reasonable and consistent with local rates. Pls.' Opp'n to Defs.' Mot. for Att'y Fees and Costs at 9.

Plaintiffs do not and cannot point to any excessive legal work done for Platt that related to the removal.  Plaintiffs do not present any argument that Platt's counsel spent too much time on "research and briefing."

Almost no one but Plaintiffs would criticize the practice of having local counsel review proposed submissions and papers to which they related.

Platt's counsel represents that the time spent traveling to the hearing was spent exclusively preparing for the hearing, as described in the invoices now before the court.

Of the $1,449.89 in costs requested by Platt, Messner Reeves charged $209.90 for legal research costs.  The expenses of Sasscer, Clagett were for airfare ($1,056.20) to travel from Maryland to Denver, hotel costs ($174.87) and postage of $3.92.  These costs are not excessive.

Counsel did not read F.R.Civ.P. Rule 54(d)(2)(B) or D.C.Colo.L.Civ.R 54.3 to require as an initial matter the submission of backup documentation for costs, but will provide the same if required.

**V.     CONCLUSION**

Plaintiffs' Opposition provides no grounds for reducing to zero or otherwise substantially reducing the attorney fees and related costs incurred by Platt.   Platt is entitled to an award of reasonable attorney fees.   He has made the requisite showing and should be awarded the requested fees and costs pursuant to C.R.S. §13-17-201.

Respectfully submitted,

*s/ Phillip R. Zuber (w/consent)*
Phillip R. Zuber, Esquire
Sasscer, Clagett & Bucher
5407 Water Street, Suite 101
Upper Marlboro, MD 20772
(301) 627-5500/ (301) 627-4156 fax
pzuber@scblawyers.com

*s/ Bruce A. Montoya*
Bruce A. Montoya, Esq.
Messner Reeves, LLP
1430 Wynkoop St., Suite 300
Denver, CO 80202
(303) 623-1800
bmontoya@messner.com
*Attorneys for Defendant Brian Platt, d/b/a BTP Arms*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of May 2015, I electronically filed the foregoing **Defendant Platt's Reply Memorandum in Response to Plaintiffs' Opposition to Platt's Motion for Attorneys' Fees** with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

Thomas W. Stoever, Jr., Esq.
Paul W. Rodney, Esq.
Arnold & Porter, LLP
370 Seventeenth St., Suite 4400
Denver, CO 80202
Thomas.Stoever@aporter.com
paul.rodney@aporter.com
*Counsel for Plaintiffs*

Andrew A. Lothson, Esq.
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
alothson@smbtrials.com
*Counsel for Lucky Gunner*

Marc F. Colin, Esq.
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 3100
Denver, CO 80202
mcolin@brunolawyers.com
*Counsel for Lucky Gunner*

Patrick J. Rooney, Esq.
Donald Chance Mark, Jr., Esq.
Peter A.T. Carlson, Esq.
Fafinski, Mark & Johnson
775 Prairie Center Dr., Suite 400
Eden Prairie, MN 55344
Patrick.rooney@fmjlaw.com
Donald.mark@fmjlaw.com
peter.carlson@fmjlaw.com
*Counsel for The Sportsman's
   Guide, Inc.*

and hereby certify that I have mailed via U.S. mail, postage prepaid, to the following non-

CM/ECF participants:

Jonathan E. Lowy, Esq.
Elizabeth Burke, Esq.
Kelly Sampson, Esq.
Brady Center to Prevent Gun
   Violence
840 First St., N.E., Suite 400
Washington, D.C. 20005

Gold Strike E Commerce, LLC
d/b/a bulletproofbodyarmorhq.com
Christopher E. Russell, Agent for Service
1546 West Vine Ave.

10

Mesa, AZ 85202

/s/ Jeanine A. Montoya
Jeanine A. Montoya