Exhibit A

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

**DOCKETING STATEMENT**

Case Name: <u>Phillips v. Lucky Gunner et al.</u>

Appeal No. (if available) : <u>15-1153</u>

Court/Agency Appeal From: <u>U.S. District Court for the District of Colorado</u>

Court/Agency Docket No.: <u>14-cv-2822-RPM</u>   District Judge: <u>Hon. Richard P. Matsch</u>

Party or Parties filing Notice of Appeal/Petition: <u>Lonnie Phillips and Sandy Phillips</u>

I. **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

   A. **APPEAL FROM DISTRICT COURT**

   1. Date notice of appeal filed: <u>April 27, 2015</u>

      a. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal:
         <u>No motion for extension was filed</u>

      b. Is the United States or an officer or an agency of the United States a party to this appeal?  <u>No (but U.S. is an intervenor with respect to questions of constitutionality)</u>

   2. Authority fixing time limit for filing notice of appeal:

   Fed. R. App. 4 (a)(1)(A) <u>X</u>      Fed. R. App. 4(a)(6) ____
   Fed. R. App. 4 (a)(1)(B) ____       Fed. R. App. 4(b)(1) ____
   Fed. R. App. 4 (a)(2)    ____       Fed. R. App. 4(b)(3) ____
   Fed. R. App. 4 (a)(3)    ____       Fed. R. App. 4(b)(4) ____
   Fed. R. App. 4 (a)(4)    ____       Fed. R. App. 4(c)    ____
   Fed. R. App. 4 (a)(5)    ____
   Other: _____

3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket:   March 27, 2015

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
   Yes

**(If your answer to Question 4 above is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
   _____

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?   _____

   c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?   _____

5. Tolling Motions.   *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court:
      n/a

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?  n/a
   _____

    B.    **REVIEW OF AGENCY ORDER**  (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

        1.    Date petition for review was filed:  _____

        2.    Date of the order to be reviewed: _____

        3.    Specify the statute or other authority granting the court of appeals jurisdiction to review the order:  _____
_____

        4.    Specify the time limit for filing the petition (cite specific statutory section or other authority):  _____
_____

    C.    **APPEAL OF TAX COURT DECISION**

        1.    Date notice of appeal was filed:  _____
(If notice was filed by mail, attach proof of postmark.)

        2.    Time limit for filing notice of appeal: _____

        3.    Date of entry of decision appealed:  _____

        4.    Was a timely motion to vacate or revise a decision made under the Tax Court=s Rules of Practice, and if so, when?  *See* Fed. R. App. P. 13(a)  _____

## II. LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).  If none, please so state.

None.

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE PRESENT ACTION AND RESULT BELOW.

This is an appeal from the District Court's order of March 27, 2015, granting Defendants' Motions to Dismiss.  The District Court entered judgment in favor of Defendants and dismissing the action on March 27, 2015.  The case pertains to the negligent sale of materiel used in the attack at the Aurora Century 16 Theater in April 2012.

## IV. ISSUES RAISED IN THIS APPEAL.

The issues raised in this appeal include but are not limited to the following:
- Whether the District Court erred by finding that the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq*. ("PLCAA") does not preempt C.R.S. § 13-21-504.5;
- Whether the District Court erred in finding that C.R.S. § 13-21-504.5 is constitutional;
- Whether the District Court erred in finding that PLCAA is constitutional;
- Whether the District Court erred by making factual determinations regarding whether Defendants reasonably should have known about the risk posed by the purchaser of their materiel;
- Whether the District Court erred by considering evidence outside the scope of the pleadings in ruling on the Motions to Dismiss; and
- Whether the District Court erred in finding that defendants could not be liable in negligence.

V.  **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

A.  Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed? _____

B.  If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction?_____

C.  Describe the sentence imposed. _____
    _____

D.  Was the sentence imposed after a plea of guilty? _____

E.  If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?
    _____

F.  Is defendant on probation or at liberty pending appeal? _____

G.  If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

H.  Does this appeal involve the November 1, 2014 retroactive amendments to §§ 2D1.1 and 2D1.11 of the U.S. Sentencing Commission's Guideline Manual, which reduced offense levels for certain drug trafficking offenses?
    _____

**NOTE**:   In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the clerk of the district court with a copy filed in the court of appeals.

**VI.   ATTORNEY FILING DOCKETING STATEMENT:**

Name**:** Thomas W. Stoever, Jr.           Telephone: 303-863-1000

Firm: Arnold & Porter LLP

Email Address: Thomas.Stoever@aporter.com

Address:     370 Seventeenth Street, Suite 4400

Denver, CO 80202

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

A.   ☑   Appellant

☐   Petitioner

☐   Cross-Appellant

B. **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

☑ Retained Attorney

☐ Court-Appointed

☐ Employed by a government entity
(please specify_____)

☐ Employed by the Office of the Federal Public Defender.


s/ Thomas W. Stoever, Jr._____   _____
Signature                                Date

☑ Attorney at Law

**NOTE:** A copy of the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including any motion for reconsideration, for judgment of acquittal, for arrest of judgment, or for new trial, and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order **must be submitted with the Docketing Statement.**

The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF may be found on the court's website, www.ca10.uscourts.gov.

This Docketing Statement must be accompanied by proof of service.

The following Certificate of Service may be used.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 12, 2015 a copy of the foregoing **DOCKETING STATEMENT** was filed and served via CM-ECF on:

| | |
|---|---|
| Marc F. Colin<br>Bruno, Colin & Lowe, P.C.<br>1999 Broadway, Suite 4300<br>Denver, Colorado 80202<br>(303) 831-1099<br>MColin@brunolawyers.com<br><br>Andrew A. Lothson<br>James B. Vogts<br>Swanson, Martin & Bell, LLP<br>330 North Wabash, Suite 3300<br>Chicago, IL 60611<br>(312) 321-9100<br>alothson@smbtrials.com<br>jvogts@smbtrials.com<br><br>***Attorneys for Defendant LuckyGunner, LLC*** | Peter A. T. Carlson<br>Donald Chance Mark, Jr.<br>Patrick J. Rooney<br>Fafinski Mark & Johnson, P.A.<br>Flagship Corporate Center<br>775 Prairie Center Drive, Suite 400<br>Eden Prairie, MN 55344<br>(952) 995-9500<br>peter.carlson@fmjlaw.com<br>donald.mark@fmjlaw.com<br>patrick.rooney@fmjlaw.com<br><br>***Attorneys for The Sportsman's Guide, Inc.*** |
| Phillip R. Zuber<br>5407 Water Street, Suite 101<br>Upper Marlboro, MD 20772<br>(301) 627-5500<br>pzuber@scblawyers.com<br><br>Bruce A. Montoya<br>Katherine E. Whitney<br>Messner Reeves LLP<br>1430 Wynkoop Street, Suite 300<br>Denver, Colorado 80202<br>(303) 623-1800<br>bmontoya@messner.com<br>kwhitney@messner.com<br><br>***Counsel for Defendant Brian Platt, d/b/a BTP Arms*** | |

s/ Rebecca A. Golz