# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2822-RPM

SANDY PHILLIPS, individually and as surviving parent
of Jessica Ghawi, decedent; LONNIE PHILLIPS,
individually and as surviving parent of Jessica Ghawi,
decedent.

Plaintiffs,

v.

LUCKY GUNNER, d/b/a/ BULKAMMO.COM,
THE SPORTSMAN'S GUIDE,
Brian Platt, d/b/a/ BTP ARMS,
Gold Strike E Commerce LLC d/b/a/
BULLETPROOFBODYARMORHQ.COM,
and JOHN DOES 1 through 10, unknown individuals.

Defendants.

## AFFIDAVIT OF RICHARD A. WESTFALL, ESQ.

I, Richard A. Westfall, state under oath as follows:

1. I am a partner and co-owner of the firm Hale Westfall, LLP. I have been licensed to practice law in Colorado since 1985. I am a member of the bars of Colorado, United States District Court for the District of Colorado, United States Court of Appeals for the Tenth Circuit, District of Columbia and Federal Circuits, the District of Columbia, the United States District Court for the District of Columbia, and the Court of Federal Claims.

2. I am a graduate of the University of Denver College of Law (1985). I clerked for Judge Robert H. McWilliams on the Tenth Circuit and Justice Byron White on the United States Supreme Court. I was an Associate at Davis Graham and Stubbs (Washington, D.C. and Denver), and a Deputy Solicitor General and Solicitor General of the State of Colorado under Attorney General Gale Norton (1994-99). While acting as Deputy Solicitor and Solicitor General, I handled many appeals for the State of Colorado and many complex constitutional matters. I was a member of the National Association of Attorneys General's (NAAG) Federalism Working Group, and for a year and half, I was chair of that group. I was an author and/or a principal author of many state amicus briefs filed in the United States Supreme Court.

3. About a third of my current practice involves appeals. I have worked on a number of cases involving firearm use and related regulation, most recently representing a group of nonprofits and disabled shooters in the litigation challenging two Colorado gun-regulation statutes. I was part of the trial team and I am a lead lawyer in the briefing currently underway in the Tenth Circuit.

4. I have reviewed the pleadings in the above-captioned case and the fee application from LuckyGunner, LLC (LG). The fees and costs totaling $151,574.70 are reasonable and the hours expended were reasonably necessary to achieve dismissal of the case against LG.

5. First, the rates charged are reasonable and well within line of what seasoned, experienced counsel charge in Colorado. My normal hourly rate is $425. Mr. Colin, the senior lawyer for the Bruno, Colin & Lowe firm, has six more years of experience to me and charged only $325. Mr. Vogts, the senior lawyer for the Swanson, Martin & Bell firm, was admitted to the bar one year before me and charged only $390 per hour. He is a partner in a Chicago firm where hourly rates are generally higher than in Denver. Many large firms in Denver charge more than my normal hourly rate.

6. Second, the hours expended were reasonable. The Amended Complaint is voluminous -- 27 pages, single spaced, containing 256 numbered paragraphs and was brought by a well-known national law firm. The negligent entrustment, negligence and nuisance claims were novel and required extensive work to understand, research, adequately brief and argue.

7. Given the significance of the case and the consequences to LG if the case were lost, LG was wholly justified in removing the case to this Court. Given the issues needing to be addressed in removal, the hours expended were reasonably necessary to accomplish the removal. It is also clear that during the initial 30-day time period that the removal was analyzed and drafted, LG's counsel also completed several additional projects that required immediate attention at the outset of the case which could not be left for a later date, including, for example, researching, preparing and drafting a number of legitimate arguments for the motion to dismiss which was simultaneously filed with the removal.

8. Regarding the motion to dismiss, the level of complexity is demonstrated especially by the length and complexity of the Plaintiffs' response to the motions to dismiss and length and complexity of the reply of LG and others.

9. The constitutional arguments asserted by Plaintiffs substantially complicated the issues in the motion to dismiss and necessitated expenditure of more hours than what would be required in a more "normal" motion to dismiss. These constitutional issues covered a broad spectrum of claims designed to invalidate the applicable immunity statutes, and, based upon my experience, would require extensive research and work to handle appropriately. The constitutionality of Colorado's immunity statute and whether it was subject to preemption appear to be issues of first impression.

10. LG took the lead in filing the reply to Plaintiffs' brief in opposition. The reply is of a similar length and level of complexity to a principal brief that would be filed in the Tenth

Circuit or Colorado Supreme Court. Such briefs alone often cost at least $50,000 and often cost $100,000 or even more. The LG brief was filed before the Department of Justice's brief defending the constitutionality of the federal immunity statute, and it would be wholly inappropriate to rely upon the later-filed DOJ brief as a basis for challenging the recovery of LG's attorneys' fees.

11.     The three lawyers who attended oral argument all were necessary: the principal lawyer for LG in Chicago, the associate there who did most of the work, and Colorado counsel. Such staffing is well in line with normal practice given the significance of the issues in the case. The amount of time spent preparing for argument is well in line with what prudent counsel would do in any court, let alone this Court.

12.     As an after-the-fact check, I considered the total fees sought in this case with a fee award I just received resulting from the granting of a motion to dismiss I filed concerning a defamation action against persons affiliated with a special district in El Paso County District Court. Like this case, briefing in that case involved constitutional issues (various facets of First Amendment protection for political speech), although the constitutional issues in this case are more complex and the degree of difficulty caused by the advocacy of the Plaintiffs here made the task here much more difficult than what I faced in that case. At hearing, the district court expressly noted such complexity and made a number of findings from the bench as to the reasonableness of a fee award of approximately $90,000. In my view, this recently awarded fee award in state district court underscores the reasonableness of the fees sought in this case.

Further affiant sayeth not.

_____
Richard A. Westfall

STATE OF COLORADO    )
                     ) ss.
COUNTY OF DENVER     )

Subscribed and sworn to before me this 15th day of May, 2015, by Richard A. Westfall. WITNESS my hand and official seal.

My Commission Expires:

10/30/2015

_____
Notary Public

My Commission Expires
Oct 30, 2015

3